# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

WADE ALAN WILLARD, JR., # 120523                          PLAINTIFF

VERSUS                              CAUSE NO. 1:19CV908-LG-RHW

HARRISON COUNTY SHERIFF'S
DEPARTMENT, CHRISTOPHER
RYAN HEARN, RUSSELL
HOLLIMAN, JR., WILLIAM
COLLINS, D. WADE BRYANT, and
HARRISON COUNTY                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Wade Alan Willard, Jr., is incarcerated with the Mississippi Department of Corrections, and he brings claims, under 42 U.S.C. § 1983 and state law, arising from his arrest. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Harrison County Sheriff's Department is dismissed.

## FACTS AND PROCEDURAL HISTORY

Willard was previously a pretrial detainee at the Harrison County Adult Detention Center, following an arrest in Gulfport, Mississippi. Defendants are Harrison County; the Harrison County Sheriff's Department; and its officers Captain Christopher Ryan Hearn, Investigator Russell Holliman, Jr., Investigator William Collins, and Investigator D. Wade Bryant.

Willard claims that, on December 4, 2017, he fled from Harrison County Sheriff's Deputies who were trying to arrest him. Willard allegedly had a warrant

for his arrest out of George County for assault on a law enforcement officer. While he was running, he contends Captain Hearn shoved him head first into a tree, knocking him unconscious. Willard then alleges that Hearn and Investigators Holliman, Collins, and Bryant beat him while he was still unconscious. As a result, Willard allegedly suffered displaced teeth, a deformed lower jaw, headaches, lacerations and abrasions to his head, facial fractures, a swollen eye, permanent nerve damage to the left side of his face, and an injured sinus cavity. He was arrested and charged with receipt of stolen property, possession of methamphetamine, felony evasion, failure to comply, resisting arrest, and assault on a law enforcement officer.

Willard was treated at the hospital for his injuries, and he claims the doctor ordered a one week follow up visit for the facial fractures. However, Willard contends he was never given any further medical treatment.

Additionally, Willard claims that the Defendant officers falsely informed a news outlet that Willard had dumped out heroin during the police chase.

On November 21, 2019, Willard filed this action under § 1983 and state law. He asserts claims for unreasonable force during arrest, denial of medical treatment, and defamation.

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in pertinent part that, "the

court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Willard to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Willard sues the Harrison County Sheriff's Department. The Sheriff's Department's capacity to be sued is determined by Mississippi law. Fed. R. Civ. P. 17(b)(3). In Mississippi, a sheriff's department is not a separate legal entity which may be sued; rather, it is an extension of the county. *Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006). Therefore, the Harrison County Sheriff's Department is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, Defendant Harrison County Sheriff's Department should be, and is hereby, **DISMISSED WITH PREJUDICE** as frivolous. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED** this the 23rd day of March, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE